[723 NYS2d 223]

In the Matter of MAURICE H. RIBOLOW (Admitted as MAURICE HARVEY RIBOLOW), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 16, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Jerome Karp*, Brooklyn (*Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated December 2, 1999, containing one charge of professional misconduct. After a hearing on February 1, 2000, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation arguing that a censure would be appropriate, as his continued practice of law would not pose a threat to the public.

Charge One alleges that the respondent persistently failed to comply with the petitioner's lawful demands in connection with pending investigations concerning claims of his professional misconduct.

On December 23, 1998, the petitioner sent the respondent a letter requesting an answer to a complaint by Mitchell Vidur within 10 days. The respondent neither answered nor requested an extension of time in which to answer. By certified letter dated January 12, 1999, the petitioner directed the respondent to submit an answer within 10 days and warned that it would apply for his immediate suspension pursuant to 22 NYCRR 691.4 (*l*) in the event of his continued noncompliance. The respondent failed to reply.

During an appearance on May 19, 1999, relating to other pending complaints, the petitioner directed the respondent to submit an answer to the Vidur complaint by May 26, 1999. By certified letter dated May 20, 1999, the petitioner reminded the respondent of his obligation to answer by May 26, 1999. The respondent failed to reply.

On June 22, 1999, the petitioner hand delivered a letter to the respondent advising that if he failed to answer by June 23, 1999, an application for his suspension would be made. The re-

spondent failed to submit an answer until he was personally served on September 13, 1999, with an order to show cause seeking his immediate suspension.

On December 2, 1997, the petitioner sent the respondent a letter requesting an answer to a complaint by Barry Weisberg within 10 days. The respondent neither answered nor requested an extension of time in which to answer. On January 7, 1998, the respondent's secretary informed the petitioner that the respondent was on vacation and would answer the complaint as soon as possible. By letter dated January 9, 1998, the petitioner demanded the respondent's answer within two weeks. On January 23, 1998, the respondent's secretary requested that the respondent be provided with another copy of the complaint.

By certified letter dated March 5, 1998, the petitioner warned the respondent that if he failed to answer the Weisberg complaint within 10 days, it would apply for his immediate suspension. On March 24, 1998, the petitioner received correspondence from the respondent stating that he anticipated serving an answer on March 27, 1998. The respondent did not do so.

On April 3, 1998, the petitioner hand delivered a letter to the respondent demanding an answer to the Weisberg complaint. It finally received the answer on April 6, 1998.

On October 16, 1998, the petitioner called the respondent to request a copy of a contract in the real estate transaction underlying the Weisberg complaint. By letter dated October 20, 1998, the petitioner requested a copy of the contract by October 27, 1998. The respondent failed to either produce the contract or to contact the petitioner by that date. On November 12, 1998, the petitioner granted the respondent's request to extend the deadline to November 16, 1998. The respondent failed to reply.

By certified letter dated December 8, 1998, the petitioner warned the respondent that if he did not produce the contract within 10 days, it would move for his immediate suspension. On December 18, 1998, the petitioner received a letter from the respondent requesting a one-month extension because he was going on vacation. The petitioner gave the respondent until January 11, 1999, to produce the contract. The respondent failed to either produce the contract or call the petitioner.

The petitioner left a message with the respondent's receptionist on January 12, 1999. The respondent failed to return the call.

During his appearance before the petitioner on May 19, 1999, the respondent stated that he could not find a copy of the

contract or obtain a copy from the other attorneys at the closing. Notwithstanding the respondent's assertions, the petitioner received the contract from one of the other attorneys on June 17, 1999.

On March 24, 1997, the petitioner sent the respondent a letter requesting an answer to a complaint by Anne Nelson Roberts within 10 days. The petitioner agreed to the respondent's requests to extend his time to answer until April 23, April 28, and May 2, 1997. The petitioner received the respondent's answer on May 2, 1997.

By letter dated June 2, 1997, the petitioner requested further information by June 15, 1997. The respondent failed to comply. On July 14, 1997, the petitioner made a second request, and warned the respondent that if he failed to provide the requested information within 10 days, it would move for his immediate suspension. The respondent complied on August 11, 1997.

Two years later, on May 20, 1999, the petitioner directed the respondent to provide further documentation by June 2, 1999. The respondent failed to comply.

On June 22, 1999, the petitioner hand delivered a letter to the respondent advising that an application for his suspension would ensue if he failed to provide the information by June 23, 1999. By certified letter dated July 7, 1999, the petitioner directed the respondent to provide, by July 15, 1999, the index number of the matrimonial matter underlying the Roberts complaint, as well as copies of all papers filed with the trial court before May 19, 1999. The respondent did not comply with the petitioner's requests for additional information until after he was personally served on September 13, 1999, with an order to show cause for his immediate suspension.

On March 24, 1998, the petitioner sent the respondent a letter requesting an answer to a complaint by Galina Tylo within 10 days. The respondent failed to comply. On June 18, 1998, the petitioner sent the respondent a second request by certified and regular mail for an answer within 10 days and warned that an application for his immediate suspension might be made for his persistent failure to cooperate. The respondent failed to comply. Although the petitioner granted the respondent's request for a one-week adjournment, he failed to comply.

The petitioner thereafter agreed to extend the respondent's time to answer until November 6, 1998. It received the respondent's answer on November 5, 1998.

By certified letter dated July 7, 1999, the petitioner directed the respondent to submit a chronology of the services provided to Tylo between 1994 and 1998 by July 15, 1999. The respondent failed to comply with that request until he was personally served on September 13, 1999, with an order to show cause seeking his immediate suspension.

On July 16, 1998, the petitioner requested an answer to a complaint by Alexandra Kagan-Steenson within 10 days. The respondent failed to comply. On August 25, 1998, the petitioner directed the respondent by certified and regular mail to submit an answer within 10 days and warned that an application for his immediate suspension might be made for his failure to cooperate. The respondent submitted an answer on November 5, 1998.

The petitioner thereafter sought further information relating to Kagan-Steenson's real estate matter underlying the complaint and directed the respondent to comply by June 2, 1999. He failed to comply.

On June 22, 1999, the petitioner hand delivered a letter to the respondent advising him that if he did not provide the requested information by June 23, 1999, it would apply for his immediate suspension. The respondent failed to comply with the request until he was personally served with the petitioner's order to show cause on September 13, 1999.

By reason of the foregoing conduct, the respondent violated the Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the personal, physical, and psychological pressures that he was under. His wife has experienced a succession of physical and psychological ailments over the years, which finally caused her to retire from teaching. He asserted that attending to his wife's needs affected his legal practice. In addition, the respondent suffered a stroke a number of years ago that required hospitalization and medication, and he now takes medication for other conditions as well. The respondent's partner also suffers from a heart ailment which required surgery and, thereafter, a reduced workload.

According to the respondent, he is "in the twilight of his legal career," has practiced law for a substantial period of time without incident, has given his time to the Brooklyn Bar Association, and has assisted many clients. The respondent asks that any discipline imposed be limited to a censure, as his errors did not involve moral turpitude and he is fit to practice law.

The respondent's disciplinary history is not unblemished. He was issued letters of caution dated January 15, 1988, and October 16, 1991, for neglecting legal matters entrusted to him and failing to respond to a client's request for the status of the case. The respondent received an admonition dated May 14, 1996, for neglecting three legal matters. In addition, he was censured by this Court on June 23, 1966, for willfully failing to file closing statements in two matters.

Notwithstanding the pressures faced by the respondent, he failed to cooperate on the five pending matters for months at a time and responded to many requests only after the petitioner moved for his immediate suspension. In view of the respondent's persistent failure to cooperate, he is suspended from the practice of law for one year.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Maurice H. Ribolow, is suspended from the practice of law for a period of one year, commencing May 16, 2001, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Maurice H. Ribolow, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.